IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EARL SHELBY and KAY SHELBY,**

    **Plaintiffs,**

v.

**APRIL BOTTERMAN,**

    **Defendant.**                                   **Case No. 07-cv-469-DRH**

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 14), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** and **28 § U.S.C. 1391**. This action is based on diversity jurisdiction; plaintiffs are citizens of Illinois and defendant is a citizen of Indiana, residing in Crown Point, Indiana (Doc. 5 - Plaintiffs' Complaint, ¶¶ 1-2; Doc. 7 - summons issued to Defendant). The events giving rise to Plaintiffs' claims, an automobile accident, occurred in Lowell, Indiana (*Id*. at ¶ 4). These facts are undisputed. Defendant asserts this Court does not have personal jurisdiction over her, as she has no contacts with the forum State, nor did the events giving rise to Plaintiffs' claims occur within the forum State.

## II. DISCUSSION

A.   **Personal Jurisdiction**

Defendant first seeks a dismissal of Plaintiff's suit upon the basis that this Court lacks personal jurisdiction over Defendants.  Once a defendant moves to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**, a plaintiff has the burden of establishing the existence of personal jurisdiction over an out of state defendant.  ***Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations omitted)**.  A plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction.  ***Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987)**.  However, the Court notes a technical deficiency with Defendant's **Rule 12(b)(2)** defense.  Defendant's Motion to Dismiss for Lack of Personal Jurisdiction was not filed until *after* Defendant had already filed her Answer (Doc. 8).  In paragraph 13 of her Answer, Defendant did assert several affirmative defenses, but lack of personal jurisdiction over Defendant was not one of them.[1]  "[T]he defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so."  ***Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994)(citing Fed. R. Civ. P. 12(h)(1)); *see also Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003)(Defendants waived the defense of lack of personal jurisdiction under Rule**

---

[1] Defendant actually asserted that "The Court lacks jurisdiction over the plaintiff," in paragraph 13(c) of her Answer.  Whether this was a typographical error in that she meant to state "defendant" instead of "plaintiff," is unknown.  The Court must take the statement at face value and therefore, find that Defendant failed to challenge personal jurisdiction at the earliest opportunity.

**12(h)(1) because their answer, filed prior to their motion to dismiss, failed to object to personal jurisdiction);** *cf. Distance Learning Sys. Ind., Inc. v. A & D Nursing Inst., Inc.,* **2005 WL 775928 at \*4 (S.D. Ind. March 22, 2005)(explaining that defendants did not waive their objection to personal jurisdiction when filing a motion to dismiss two months after their answer, as they had also included the defense of lack of personal jurisdiction in their answer)**. Even though in their Response (Doc. 17), Plaintiffs do not raise this issue of Defendant's waiver, it must be acknowledged by the Court, as it obviates the related portion of Defendant's **Rule 12(b)(2)** Motion to Dismiss. Therefore, because Defendant failed to assert her defense of lack of personal jurisdiction at the earliest opportunity – her Answer – the Court finds that she has waived her right, under **Rule 12(h)(1)**, to challenge the Court's assertion of personal jurisdiction over Defendant. Accordingly, the Court must deny Defendant's request to dismiss this matter for lack of personal jurisdiction, finding instead, that it does have personal jurisdiction over Defendant and also jurisdiction over this suit.

**B.     Improper Venue**

Presently, the court is left to consider the remaining portion of Defendant's Motion to Dismiss — based upon the premise that venue is improper. Under **Rule 12(b)(3)**, a Defendant may assert the defense of improper venue, but, like lack of personal jurisdiction, the defense of improper venue can also be waived, pursuant to **rule 12(h)(1)**. However, the Court finds that Defendant did challenge

venue at her earliest opportunity. In her Answer, as an affirmative defense, Defendant states that "[v]enue is improper in this Court" (Doc. 8, ¶ 13(d)). Plaintiffs, in their Response, "confess that venue is more appropriately situated in the Federal District Court of the Northern District of Indiana" and that Defendant does not object thereto (Doc. 17).

Under **28 U.S.C. § 1404(a)**, transfer of venue is permissible when doing so would be convenient for the parties and witnesses and in the interest of justice. The transferee venue must also be a district where the case "might have been brought" originally. **28 U.S.C. § 1404(a)**. The purpose of **§ 1404(a)** "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." ***Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)**. The statute does not, however, "indicate the relative weight to be accorded each [**§ 1404(a)**] factor." ***Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 n.3 (7th Cir. 1986)**. Ultimately, the decision to allow a transfer of venue "is committed to the sound discretion of the trial judge." ***Id.* at 219 (collecting cases)**.

Here, although Plaintiffs chose to file suit in this forum, they have since conceded to Defendant's assertion that venue is proper in the Northern District of Indiana and have therefore also requested a transfer of venue (Doc. 17). Due to Plaintiffs' "change of heart," the Court will not give substantial deference to Plaintiff's initial choice of forum. It appears there is no contestable question as to the

convenience of the parties, as both parties consent to a transfer to the Northern District of Indiana. As for the convenience of the witnesses, neither party has discussed this factor. It is unknown whether there are eye-witnesses who reside in or near the Northern District of Indiana, law enforcement officers who tended to the accident scene or the location of plaintiff Early Shelby's treating physicians and medical experts. Therefore, the Court cannot determine whether the a transfer of venue would be more convenient for the witnesses than this forum. It is, however, undisputed that the situs of material events occurred in Lowell, Indiana, located in the Northern District of Indiana. Accordingly, the Northern District of Indiana not only has a strong interest in hearing claims involving their residents (Defendant), but is also has closer ties to the locale of the controversy than this forum. Moreover, as the parties both consent to the transfer and because the Northern District of Indiana has an strong interest in this matter, as Defendant is a resident of the forum and because it is the situs of material events, in its discretion, the Court finds transfer of venue proper under **§ 1404(a)**.

### III. CONCLUSION

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 14) is **DENIED**. The Court finds Defendant waived her right to challenge personal jurisdiction, so it must deny dismissing the action based upon a lack of personal jurisdiction over Defendant. Therefore, because the Court can assert personal jurisdiction over Defendant, the Court must also deny her request

to dismiss for improper venue. However, as both parties agree to a transfer of venue to the Northern District of Indiana, and finding that the factors weigh in favor of a transfer, the Court, in its discretion, hereby **TRANSFERS** Plaintiffs' claims against Defendant in this matter to the Northern District of Indiana, pursuant to **28 U.S.C. § 1404(a)**. *The Clerk shall advise the Clerk of the transferee court of the availability of the file no earlier than November 7, 2007.*

    **IT IS SO ORDERED.**

    Signed this 23rd day of October, 2007.

    /s/    DavidRHerndon
**Chief Judge**
**United States District Court**